**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **THOMAS V. RYBURN,** | ) |
| **Plaintiff,** | ) |
| vs. | ) CIVIL NO. 07-011-MJR |
| **DARRELL WESTERMAN,** *et al.*, | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Before the Court is a letter from Plaintiff (Doc. 9) that the Court construes as a motion for relief from judgment, filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

In this motion, Plaintiff challenges the Court's denial of his request for appointment of

counsel.  That motion was denied because Plaintiff had made no showing that he had attempted to retain counsel.  With his instant motion, he provides documentation indicating a minimal search for counsel – he contacted his public defender, he contacted a former attorney at Thompson Coburn, and he contacted the John Howard Association in Chicago.  Of particular note is the response from the John Howard Association, which expresses confusion over what type of legal assistance was sought.  These three contacts do not constitute a reasonable effort to secure counsel.

Furthermore, until the Court has completed a preliminary review of the complaint, *see* 28 U.S.C. § 1915A, the request for appointment of counsel is premature.  Therefore, the motion for reconsideration (Doc. 9) is **DENIED**.  *After* the Court has completed its preliminary review of the complaint, if he finds it necessary, Plaintiff may once again seek appointment of counsel.

**IT IS SO ORDERED.**

**DATED this 26th day of February, 2007.**

                                                **s/ Michael J. Reagan**
                                                **MICHAEL J. REAGAN**
                                                **United States District Judge**