# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS V. RYBURN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 07-cv-011-MJR |
| | ) |
| DARRYL WESTERMAN | ) |
| and DAVID TINDELL, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Before the Court is Plaintiff's motion for reconsideration (Doc. 21), in which he takes issue with certain parts of the Court's order dated March 24, 2008 (Doc. 20).

Plaintiff's primary contention is that the Court "overlooked the March 30, 2007 filing" that attempted to add defendants and claims to this action. The filing in question is entitled "pro-se supplement on U.S. mail issues on unnamed defendants of this case" (Doc. 15). In that filing, Plaintiff complains about delays in the handling of his mail, and he indicates an interest in adding "I.D.O.C. Director R. Walker, Jr." as a defendant in this action.

The reason that the Court disregarded this pleading is because Plaintiff cannot add new defendants and claims to this action whenever he so desires. He did not seek leave to file an amended complaint, nor was such leave granted. If Plaintiff wishes to file an amended complaint, he must file a motion for leave to do so. Furthermore, he must comply with this District's local rules, which provide in relevant part:

> The original of a proposed amendment to a pleading or amended pleading itself should accompany the motion to amend so that it may be filed *instanter* if the motion is granted. All new material shall be underlined. It is sufficient to simply underline the names of new parties the first place they appear in amended pleadings. Similarly, when new claims or defenses are raised by amendment, it is sufficient that the number of the designated count or paragraphs identifying the amendments be underlined.

Local Rule 15.1; *see* FED.R.CIV.P. 15.

Plaintiff also takes issue with the Court's denial of his request for appointment of counsel. However, as the Court noted, "Plaintiff appears to be competent to litigate his case." This competence is shown by the number of pleadings already filed in this action, as well as Plaintiff's clear ability to respond appropriately to court orders.

Therefore, Plaintiff's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

**DATED this 2nd day of May, 2008.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**