**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **THOMAS V. RYBURN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 07-CV-0011-MJR |
| | ) | |
| **LT. DARRELL WESTERMAN, and** | ) | |
| **DAVID TINDELL,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM and ORDER

**REAGAN, District Judge:**

On July 28, 2008, Ryburn submitted written objections (Doc. 30) to Magistrate Judge Proud's Orders permitting defendants to file their answer instanter (Doc. 27) and setting a trial practice schedule in the above-captioned action (Doc. 28). Ryburn appears to object to a Magistrate Judge's participation in this case, because Ryburn "did not consent to a Magistrate Judge as mandated by L. Rule 72.3(b), nor has the defendant(s) in this matter. Judge Proud lacked jurisdiction."

**FEDERAL RULE OF CIVIL PROCEDURE 72(a)** provides that where a party objects to the Magistrate Judge's ruling on a non-dispositive pre-trial matter, "The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."

Ryburn's objection is premised on the erroneous belief that all parties must consent in order for a magistrate judge to issue a non-dispositive ruling in a civil action. However, **28 U.S.C. § 636** provides to the contrary, permitting magistrate judges to determine, among other things, non-dipositive pretrial civil matters. Additionally, even where a motion might be dispositive,

**§ 636(b)** permits a district judge to "designate a magistrate judge to conduct hearings . . . and to submit to a judge of the court proposed findings of fact and recommendations for the disposition."

Finally, **§ 636(b)(4)** empowers each district court to "establish rules pursuant to which the magistrate judges shall discharge their duties." **Southern District of Illinois Local Rule 72.1(a)(2)** specifically states that the Clerk of the Court must automatically refer prisoner petitions filed by inmates during confinement to a magistrate judge. Ryburn's case is therefore properly referred to Magistrate Judge Proud in accordance with § 636 and the Local Rules.

Finding no clear error in the magistrate judge's issuance of either Order (Docs. 27 & 28), the Court hereby **AFFIRMS** the magistrate judge's rulings.

**IT IS SO ORDERED.**

**DATED this 31st day of July 2008.**

    **s/ Michael J. Reagan**
    **MICHAEL J. REAGAN**
    **United States District Judge**