# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| THOMAS V. RYBURN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 07-CV-0011-MJR |
| | ) | |
| LT. DARRELL WESTERMAN, and | ) | |
| DAVID TINDELL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

On October 6, 2008, Ryburn submitted a "Rule 60(c) Motion" (Doc. 40) regarding Magistrate Judge Proud's Order denying Ryburn's motion for an emergency hearing (Doc. 39). Ryburn also filed a motion for leave to supplement his "Rule 60(c) Motion" (Doc. 41), in which he provides a number of case citations for the Court's consideration.

First, the Court **GRANTS** Ryburn's motion to supplement (Doc. 41) and will consider the citations therein as if they were filed with the "Rule 60(c) Motion."

As for the "Rule 60(c) Motion" (Doc. 40), the Court finds as follows. It appears that in filing a motion under **FEDERAL RULE OF CIVIL PROCEDURE 60**, which governs motions for relief from a judgment or order, Ryburn actually meant to challenge Judge Proud's findings and sought review by the undersigned District Judge. Accordingly, the Court construes Ryburn's motion as an objection to the Magistrate Judge's Order under **FEDERAL RULE OF CIVIL PROCEDURE 72(a).**

**Rule 72(a)** provides that where a party objects to the Magistrate Judge's ruling on a non-dispositive pre-trial matter,

> A party may serve and file objections to the order within 10 days
> after being served with a copy. A party may not assign as error a

defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Ryburn's objection focuses on Judge Proud's determination that the supplement at Doc. 5 has not been ruled a valid amended complaint (Doc. 39, p. 2 n.1) and that his complaint does not include a claim under the Americans with Disabilities Act (ADA). Judge Proud was in fact incorrect in stating that "Judge Reagan has ruled that Doc. 5 is *not* a valid amended complaint, and has disregarded the same." In fact, in the Court's threshold Order, the undersigned District Judge construed Ryburn's supplement at Doc. 5 as an amended complaint (Doc. 20, p. 2).

However, the amended complaint only states a claim for retaliation under 42 U.S.C. § 1983, and does not on its face raise an ADA claim. Ryburn does claim that he was retaliated against because he previously filed grievances under the ADA. But that constitutes a retaliation claim, and Ryburn does not raise an independent claim under the ADA. If he wishes to do so, he must first move for leave to amend his complaint.[1]

Further confusion surrounding the amended complaint may stem from the docket sheet, which identifies Ryburn's filing at Doc. 5 as a "supplement" rather than an amended complaint. Accordingly, the Clerk of the Court is directed to change the label on the docket sheet so that Doc. 5 is properly identified as an amended complaint.

It should be noted that the Court did reject Ryburn's "pro-se supplement on U.S. mail issues on unnamed defendants" (Doc. 15). The reason for this is that Ryburn already filed an amended complaint and therefore could not further amend without first obtaining the Court's

---

[1] As the Court indicated in its prior Order (Doc. 24), if Ryburn wishes to file an amended complaint, he must comply with **Local Rule 15.1** and **FEDERAL RULE OF CIVIL PROCEDURE 15** when doing so.

permission (see Doc. 24). Thus, the proposed defendants listed therein have not been properly joined as parties to this action.

Despite this error, the Court cannot find that any of Judge Proud's rulings are clearly erroneous or contrary to law (Doc. 39). First, Judge Proud denied Ryburn's request for an emergency hearing. Ryburn complained about abuses he claims to have suffered since arriving at Stateville Correctional on August 27, 2008 (Doc. 36). Ryburn sought a hearing to argue the merits of bypassing the requirement that he exhaust administrative remedies so that his problems at Stateville could be resolved more expeditiously. Judge Proud found that because exhaustion of administrative remedies is a prerequisite to suit, the Court has no power to waive the exhaustion requirement. That finding is neither clearly erroneous nor contrary to law.

Additionally, Ryburn objects to Judge Proud's statement that "[i]f plaintiff believes that his constitutional rights have been violated at Stateville, he may file a lawsuit in the proper District, after exhausting his administrative remedies" (Doc. 39, p. 2). Indeed, Stateville is not a defendant in this action, and Ryburn's amended complaint raises no claims against Stateville. The incidents in the amended complaint primarily occurred while Ryburn was housed at Menard. While Ryburn does claim that Defendant Westerman retaliated against him in 2003 by temporarily transferring him to Stateville, Ryburn's new allegations that he has been abused at Stateville involve incidents that occurred only after his transfer there in August 2008, long after the amended complaint was filed in this action. Thus, any claims Ryburn wishes to raise against Stateville directly must be brought in a separate action after administrative remedies are exhausted.

Accordingly, the Court hereby **GRANTS** Ryburn's motion to supplement (Doc. 41), **OVERRULES** Ryburn's objections (Doc. 40), and **AFFIRMS** Judge Proud's Order (Doc. 39).

Additionally, the Clerk of the Court is **DIRECTED** to change the label on the docket sheet so that

Doc. 5 is properly identified as an amended complaint.

**IT IS SO ORDERED.**

**DATED this 20th day of November 2008.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**