IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **THOMAS RYBURN,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. **07-011-MJR** |
| **DARRELL WESTERMAN, and DAVID TINDALL,** | ) ) ) ) |
| Defendants. | ) |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's "Deposition Complaint." **(Doc. 58)**. Defendants filed a response at **Doc. 70**, and plaintiff filed an untimely reply at **Doc. 72.**

In his Deposition Complaint, plaintiff states that his deposition was taken on January 15, 2009, but that he did not receive a notice thereof until the next day. He states that "It was done without the consultation of documents."

In their response, defendants point out that there is more to the story: defendants faxed a notice on January 6, 2009, to take plaintiff's deposition on January 13, 2009. Counsel then learned that plaintiff would be unavailable due to medical furlough on that date. On January 13, 2009, she faxed a notice to a prison litigation counselor, resetting the deposition for January 15, 2009. Thus, defendants argue, plaintiff had notice that his deposition would be taken, had time to prepare, and was not unduly surprised or prejudiced. According to defendants, plaintiff was able to testify in detail, and was unable to answer only two questions without referring to his documents.

In his reply, **Doc. 72**, plaintiff accuses defense counsel of laziness, incompetence and dishonesty, and, ironically enough, of defaming *his* character. This reply was mailed by plaintiff on June 3, 2009, and was therefore not timely filed, as any reply was due on May 16, 2009.

Plaintiff does not dispute the substance of defendants' response, which is that he was, in fact, notified that his deposition was to be taken on January 13, 2009. His complaint seems to be that he did not have his documents in front of him during his deposition. However, there is no indication that counsel was in any way responsible for the fact that he was without his documents, and it does not appear that plaintiff was materially hampered in his ability to answer the questions put to him.

Plaintiff's Deposition Complaint **(Doc. 58)** is **DENIED** in all respects. In addition, plaintiff is cautioned that the Court takes a dim view of personal attacks such as the remarks made about counsel in his reply.

**IT IS SO ORDERED.**

**DATED: June 22, 2009.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**
