THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| THOMAS V. RYBURN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-CV-0011-MJR-CJP |
| | ) | |
| LT. DARRELL WESTERMAN, and | ) | |
| DAVID TINDELL, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

**A. Background and Introduction**

Plaintiff Thomas Ryburn filed this action on January 5, 2007 alleging violations of 42 U.S.C. § 1983 by two prison officials he claims retaliated against him for filing grievances and lawsuits against Mernard Correctional Center employees (Doc. 1). Currently before the Court is a letter from Ryburn, which the Court construes as an objection to various non-dispositive pre-trial rulings by Magistrate Judge Clifford J. Proud (Doc. 48). While Ryburn's motion is not a model of clarity, he appears to seek review of Orders denying his motions to appoint counsel, amend his complaint, and to obtain certain discovery (Docs. 45 & 46). He also asks the Court to reassign his case to a new Magistrate Judge.

For the reasons explained herein, the Court **DENIES** Ryburn's motion and **AFFIRMS** the Magistrate Judge's rulings.

**B. Analysis**

**FEDERAL RULE OF CIVIL PROCEDURE 72(a)** provides that where a party objects

1

to the Magistrate Judge's ruling on a non-dispositive pre-trial matter, "the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." The Court now addresses each of Ryburn's objections in turn.

**<u>1. The Court's Refusal to Appoint of Counsel</u>**

First, Ryburn requests review of the Court's refusal to appoint counsel on his behalf. The Court has ruled on this issue several times before. On January 19, 2007, the Court denied Ryburn's motion because he failed to show he made reasonable efforts to secure counsel on his own (Doc. 6). Additionally, on February 24, 2008, the Court denied another request for counsel because the above-captioned action is not so complex that counsel is necessary to proceed, and Ryburn appears to be sufficiently capable of proceeding *pro se* (Doc. 20). The Court has also twice denied Ryburn's motions to reconsider appointment of counsel (Docs. 24 & 34). But these rulings were made by the undersigned District Judge, not Magistrate Judge Proud. As a result, these orders are not reviewable under Rule 72(a). Nonetheless, because Ryburn again claims that he is unable to litigate this case on his own, the Court briefly addresses his argument.

Ryburn alleges that he cannot proceed without counsel, because he is in too much pain to concentrate. This vague assertion does not provide a sufficient basis to warrant appointment of counsel. Indeed, *pro se* litigants have no constitutional or statutory right to be represented by court-appointed counsel, and the Court has no obligation to appoint counsel for *pro se* litigants. ***Jackson v. County of McLean*, 953 F. 2d 1070, 1072 (7th Cir. 1992) (quoting *McNeil v. Lowney*, 831F.2d 1368 (7th Cir. 1987)).**

The Court has explained *ad nauseum* why Ryburn fails to meet the requirements of **28 U.S.C. § 1915** and ***Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).** The Court need not reconstruct its reasoning yet another time. It is sufficient to note that Ryburn has failed to establish that the case is too complex that he cannot litigate it himself. His filings with the Court have been understandable. There is not a sufficient basis in the record for the Court to find that Ryburn is incapable of continuing *pro se* at this stage of the case. As a result, Ryburn's request for counsel must be denied.

**2. Denial of Ryburn's Motion for Leave to Amend**

Ryburn also requests that the Court reverse Magistrate Judge Proud's Order denying Ryburn's motion for leave to amend his complaint. Specifically, Ryburn sought leave to join C.O. Lee, Major Wilson, Lieutenant Mitchell, Lieutenant Thomas, and Lieutenant Parnall as defendants, but he failed to tender a proposed amended complaint and instead simply referred back to his previous amended complaint (Doc. 43). Furthermore, Ryburn failed to state a clear claim against any of the parties he sought to add. As a result, Ryburn's motion to amend was denied (Doc. 45). Judge Proud also denied Ryburn's request to appoint medical experts to assist him in presenting his case, explaining that the Court lacks the authority to do so.

It is obvious that these rulings were neither clearly erroneous nor contrary to law. When seeking leave to amend, plaintiffs are required to submit a proposed amended complaint. ***See* SDIL LOCAL RULE 15.1.** Ryburn failed to do so, and his motion to amend was properly denied. Additionally, the Magistrate Judge was correct in ruling that the Court lacks authority to appoint medical experts to assist plaintiff in developing his case. ***See McNeil v. Lowney,* 831 F.2d 1368,**

3

**1373 (7th Cir. 1987).** Therefore, the Court declines to set aside Judge Proud's rulings on these issues.

### 3. Denial of Ryburn's Motion for Discovery on Non-Parties

Ryburn also requests the Court reverse Magistrate Judge Proud's Order denying Ryburn's motion for discovery. In his motion, Ryburn sought documents from various non-parties (Doc. 42). Specifically, Ryburn requested that the Court order the Illinois Department of Corrections, Menard Correctional Center, Menard's law library, Stateville Correctional Center, and Stateville's law library to produce various documents. Judge Proud denied this request, explaining that the Court has no jurisdiction to order non-parties to produce documents at a party's whim (Doc. 46).

The Court agrees and is therefore unable to find that this ruling was clearly erroneous or contrary to law. Ryburn may attempt to utilize subpoenas to the extent permitted by the Federal Rules of Civil Procedure to obtain the desired information from non-parties. But such relief is not available through the procedural mechanism Ryburn sought to employ in his motion. Accordingly, the Court must deny Ryburn's motion to set aside Magistrate Judge Proud's denial of discovery as to these particular non-parties.

### 4. Ryburn's Allegations of Bias

Finally, Ryburn requests that his case be reassigned to a different Magistrate Judge because he claims that Judge Proud is biased and incompetent. **28 U.S.C. § 455** states that a judge should be disqualified only if "he has a personal bias or prejudice concerning a party . . ." But "factual averments of bias or prejudice must be more than the movant's mere conclusions, opinions, or rumors." *Dyson v. Sposeep*, **637 F.Supp. 616, 619 (N.D. Ind. 1986).**

4

Ryburn's allegations of bias are wholly unsupported and lack any merit whatsoever. Indeed, Ryburn presents no factual basis to support such a claim. Judge Proud has consistently explained his rulings in a thorough and well-supported manner. That Ryburn is dissatisfied with many of the Court's Orders is not surprising, but this is obviously not a sufficient basis to justify reassignment of this action. Thus, this request must also be denied.

### C. Conclusion

For all of the reasons explained above, the Court hereby **DENIES** Ryburn's motion for relief under Rule 72(a) (Doc. 48) and **AFFIRMS** the Magistrate Judge's rulings (Docs. 45 & 46).

**IT IS SO ORDERED.**

**DATED this 9th day of July 2009**.

> **s/ Michael J. Reagan**
> **Michael J. Reagan**
> **United States District Judge**

5