THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| THOMAS V. RYBURN | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | Case No. 07-CV-0011-MJR-CJP |
| LT. DARRELL WESTERMAN, and DAVID TINDELL, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### A. Introduction

Plaintiff Thomas Ryburn filed this action on January 5, 2007 alleging violations of 42 U.S.C. § 1983 by two prison officials he claims retaliated against him for filing grievances and lawsuits against Mernard Correctional Center employees (Doc. 1). Currently before the Court is Ryburn's most recent objections (Doc. 78) to various non-dispositive pre-trial rulings by Magistrate Judge Clifford J. Proud (Docs. 75, 76, & 77). Additionally, he requests that this case be reassigned to a different Magistrate Judge. For the reasons explained herein, the Court **DENIES** Ryburn's motion and **AFFIRMS** the Magistrate Judge's rulings.

### B. Analysis

**FEDERAL RULE OF CIVIL PROCEDURE 72(a)** provides that where a party objects to the Magistrate Judge's ruling on a non-dispositive pre-trial matter, "the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous

1

or is contrary to law." The Court now addresses each of Ryburn's objections in turn.

**1. Denial of Ryburn's Motion to Compel**

First, Ryburn objects to Judge Proud's Order denying his motion to compel discovery from Warden Frank Shaw, a non-party (Doc. 75). This Court has repeatedly explained to Ryburn, however, that it has no jurisdiction to order non-parties to produce documents at Ryburn's whim (*see* Docs. 46 & 78). If he wishes to pursue documents held by a third party, he may attempt to obtain a subpoena pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 45.** However, Ryburn has failed to do so.

Ryburn has repeatedly protested that he is unable to obtain and serve subpoenas since he is not a lawyer. But this is patently untrue. Ryburn may request blank subpoena forms from the Clerk of the Court, *see* **Rule 45(a)(3)**, but he is responsible for ensuring that the subpoenas are properly served and that all the appropriate fees are paid. Although he is proceeding *in forma pauperis*, **28 U.S.C. § 1915(d)** does not extend to serving subpoenas for the production of discovery materials. Ryburn should note that **Rule 45(b)** permits service of the summons by any person who is at least 18 years old and not a party to the case. *See also* **735 ILCS 5/2-202.** Therefore, plaintiff could enlist the services of a friend or relative to serve the subpoena.[1]

There are also certain costs associated with the production of documents pursuant to a subpoena. But again, the fact that Ryburn is proceeding as a pauper does not absolve him from paying the usual costs of litigation. *See* **28 U.S.C. § 1915(d).** Ryburn has no right to have his litigation funded by the defendants or by the public. ***Johnson v. Daley*, 339 F.3d 582, 586 (7th Cir.**

---

[1] If the Court were to order the U.S. Marshal to serve the subpoena on Ryburn's behalf, he would have to pay $55.00 per hour, plus 55¢ per mile (round trip). That fee would have to be forwarded to the Court *in advance* of service.

2

2003). Moreover, there is no constitutional "right to xerox." ***Jones v. Franzen*, 697 F.2d 801, 803 (7th Cir. 1983).**

Rule 45 does permit parties to use subpoenas to gain access to items for copying or inspection; if Ryburn cannot afford to pay the costs of copying an item, he can review it and take notes. Therefore, Ryburn must either request an estimate of the costs to copy the requested items and forward that amount to the Court, or he must clarify that he desires only to inspect the items. Obviously, the Court states no opinion as to whether any such subpoena would withstand a challenge under **Rule 45(c)(3)**.

The bottom line, though, is that Ryburn failed to use the proper channels to obtain the information he seeks. Thus, the Court must find that Magistrate Judge Proud's ruling as to this issue is neither clearly erroneous nor contrary to law. Accordingly, the ruling is **AFFIRMED** (Doc. 75).

## 2. Judge Proud's Order Setting a Briefing Schedule on Ryburn's Motion for Sanctions

The Court also **AFFIRMS** the Magistrate Judge's Order at Document 76. That Order merely sets a briefing schedule on Ryburn's motion for sanctions (Doc. 74). Ryburn presents no basis for challenging that Order. It is obvious that the Defendants have a right to respond to Ryburn's motion for sanctions.

## 3. Denial of Ryburn's "Deposition Complaint"

Next, the Court addresses the challenge to Judge Proud's Order denying Ryburn's "Deposition Complaint" (Doc. 77). Ryburn complained that he did not receive sufficient notice of his January 15, 2009 deposition and that he did not have access to his documents during the deposition (Doc. 58). However, the record indicates that on January 6, 2009, defense counsel sent

a notice to take Ryburn's deposition on January 13, 2009. Counsel later learned that the prison could not accommodate the scheduled deposition, so on January 13, 2009, counsel faxed a notice to a prison litigation counselor stating that Ryburn's deposition would be taken on January 15, 2009. Indeed, at the January 15, 2009 deposition, it appears that Ryburn was able to give detailed testimony and only encountered two questions which he could not answer without his documents. Judge Proud denied Ryburn's attempt to retroactively quash the deposition, finding that there was not an adequate showing that he lacked proper notice (Doc. 77). Additionally, Ryburn could not establish that he was without his documents due to opposing counsel's conduct or that he was prejudiced as a result.

Ryburn now objects that Judge Proud did not adequately address his own arguments. But the record is to the contrary. Judge Proud thoroughly addressed the parties' positions and explained why Ryburn failed to establish that he lacked sufficient notice of the deposition. There is nothing in Judge Proud's ruling that is clearly erroneous or contrary to law. As a result, the undersigned District Judge **AFFIRMS** the Magistrate Judge's decision (Doc. 77).

### 4. Ryburn's Unfounded Allegations of Bias

Finally, Ryburn again asks that his case be reassigned because he claims that Judge Proud is biased against him. This Court has already explained that under **28 U.S.C. § 455**, a judge should be disqualified if "he has a personal bias or prejudice concerning a party . . ." But "factual averments of bias or prejudice must be more than the movant's mere conclusions, opinions, or rumors." *Dyson v. Sposeep*, **637 F.Supp. 616, 619 (N.D. Ind. 1986).**

Yet again, Ryburn's allegations of bias are wholly unsupported and lack any merit whatsoever. Ryburn presents no factual basis to support such a claim, aside from Judge Proud's

4

rulings in favor of the Defendants. That Ryburn is dissatisfied with these decisions is not a sufficient basis to justify reassignment of this action to a different Magistrate Judge. As a result, the request for reassignment must be **DENIED**.

### C. Conclusion

For all of the reasons explained above, the Court hereby **DENIES** Ryburn's motion for relief under Rule 72(a) (Doc. 78) and **AFFIRMS** the Magistrate Judge's rulings (Docs. 75, 76, & 77).

**IT IS SO ORDERED.**

**DATED this 13th day of July 2009**.

**s/ Michael J. Reagan**
**Michael J. Reagan**
**United States District Judge**