IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **THOMAS RYBURN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. **07-011-MJR** |
| | ) | |
| **DARRELL WESTERMAN, and** | ) | |
| **DAVID TINDALL,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's Motion for Sanctions.  **(Doc. 74)**.  Defendants filed a response at **Doc. 80**.  Plaintiff then filed a reply at **Doc. 84.**

This motion is made as part of plaintiff's response to defendants' Motion for Summary Judgment, **Doc. 73**.  As the response also contained the instant motion, the motion was assigned a separate docket number; however, the text of the motion for sanctions appears at **Doc. 73**.

In a nutshell, plaintiff disagrees with some of the statements made by defendants in their motion and supporting memorandum.  Plaintiff takes the position that, if there is a disagreement between defendants and himself regarding the facts, defendants must be lying and they (and their attorney) should be sanctioned.

Some of the disagreements arise from misunderstandings.  For example, plaintiff disputes the accuracy of alleged undisputed fact number 5, which states that defendant was acting under color of state law.  According to plaintiff, this is false because "It was personal."  **See, Doc. 73, p.2**.

Most of the disagreements arise from differences in interpretation.  In paragraph 6, defendants state that plaintiff was investigated for planning to stab defendant Westerman, and

that plaintiff's fan was "found to be missing a seven-inch shaft that could be used as a stabbing

weapon.."  Plaintiff protests that this statement is dishonest and fraudulent, in that he was "never

charged for a missing shaft (weapon)."  The motion does not say that he was disciplined for

possessing a weapon.  Further, the record establishes that plaintiff was in possession of a fan that

was missing a blade.  He was, in fact, issued a disciplinary report and transferred to Stateville

after that incident.  **See, Doc. 73, Ex. A**.

Many of plaintiff's responses to defendants' statement of material facts are not even

responsive.  For example, in paragraph 10, defendants state that inmates, including plaintiff,

frequently carry envelopes around the institution.  In response, plaintiff protests this is false,

because he was at Stateville when the new rule prohibiting inmates from carrying envelopes

came out.  He does not, however, deny that he carried envelopes, and, in fact, bases part of his

complaint on the confiscation of an envelope that he was carrying on June 24, 2004.

In short, it is not uncommon for the parties to a lawsuit to disagree as to the facts, and as

to the interpretation of those facts.  Plaintiff has not demonstrated that defendants or their

attorney have committed any sanctionable conduct.  Therefore, plaintiff's Motion for Sanctions

**(Doc. 74)** is **DENIED**.

   **IT IS SO ORDERED.**

   **DATED: February 10, 2010.**




         **s/ Clifford J. Proud**
         **CLIFFORD J. PROUD**
         **UNITED STATES MAGISTRATE JUDGE**