IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS RYBURN,<br><br>         Plaintiff,<br><br>v.<br><br>DARRELL WESTERMAN and DAVID TINDELL,<br><br>         Defendants. | Case No. 07-CV-0011-MJR-CJP |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Thomas Ryburn, an IDOC inmate, sued Defendants Darrell Westerman and David Tindell, IDOC guards, under 42 U.S.C. § 1983 alleging retaliation based on protected First Amendment activity. Currently pending are two of his appeals against the orders of Magistrate Judge Clifford Proud. (Docs. 95, 104.) The first appeal complains of the Judge Proud's denial of Ryburn's motion "to reconsider appeal" (Doc. 92); the second complains of the denial of the motion for sanctions (Docs. 103).

When a party objects timely to a magistrate judge's ruling on a non-dispositive matter, the Court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A). Ryburn's objections were timely, but none of the orders to which he timely objects are clearly erroneous or contrary to law.

### Order on "Motion to Reconsider Appeal"

Earlier in the case, Ryburn perfected an interlocutory appeal of the Court's orders. The Seventh Circuit ultimately dismissed those appeals, but well before dismissal, Ryburn filed a motion to "reconsider appeal" addressed to this Court. The motion related to the proceedings before the

Seventh Circuit and not before this Court, so Judge Proud denied the motion. Ryburn now objects to that denial.

Judge Proud was correct to deny the motion. With the exception of a few motions that statute requires or allows to be filed in the district court—such as a motion to appeal *in forma pauperis*, 28 U.S.C. § 1915; Fed. R. App. P. 24(a)(1)—neither Judge Proud nor this Court has the power to rule on a motion concerning practice before the Court of Appeals. To do so would be contrary to law. Refraining from doing so is in accord with the law.

Ryburn still protests the denial of the motion and argues that either the clerk of court or the magistrate judge had an obligation to forward the motion to the Court of Appeals. Assuming, arguendo, that the clerk or the magistrate judge had the obligation to forward the motion,[1] any failure to do so was harmless. The motion was dated August 24, 2009. The Court of Appeals had not rendered a decision in the case at the time the motion was filed, so there was nothing for the Court of Appeals to reconsider. If the motion had been transmitted to the Court of Appeals, nothing would have changed. Accordingly, Judge Proud's order was neither clearly erroneous nor contrary to law on this point.

## Order on Motion for Sanctions

Along with his response to the defendants' motion for summary judgment, Ryburn moved for sanctions against the defendants. He argued that the defendants lied in their motion. Judge Proud disagreed, characterizing the issue as merely a dispute about the facts of the case and the interpretation of those facts, so Ryburn appeals his order.

Ryburn first argues that Judge Proud's order violates Rule 103(a)(2) of the Federal Rules of Evidence for several reasons. This argument completely misses the mark, as Rule 103(a) cannot help

---

[1] There was no obligation to forward this motion. It is captioned and addressed to this Court and filed in this Court, not the Court of Appeals.

Ryburn's appeal. The rule deals with overturning decisions based on admitting or excluding evidence. *See* Fed. R. Evid. 103(a) ("Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is involved . . . ."). Although Ryburn claims that Judge Proud failed to consider certain pieces of evidence, nothing in the order or on the record indicates that Judge Proud excluded any evidence from admission to the record. Instead, the order indicates that Judge Proud weighed the evidence before him, albeit to come to a conclusion with which Ryburn disagrees. Because admissibility is not the issue in Judge Proud's order, it cannot be overturned based on Rule 103.

Ryburn's second argument is similar: Judge Proud failed to address in his order other pieces of evidence. Granted, Judge Proud does not address each of these pieces of evidence by name, but he does address them in general:

> In a nutshell, plaintiff disagrees with some of the statements made by defendants in their motion and supporting memorandum. Plaintiff takes the position that, if there is a disagreement between defendants and himself regarding the facts, defendants must be lying and they (and their attorney) should be sanctioned.

(Doc. 103 at 1.) This statement indicates that Judge Proud examined the evidence and found that it did not indicate that defendants were lying; Judge Proud found that Ryburn and defendants, like most litigants, disagreed. If Ryburn's argument is that Judge Proud must address each of the pieces of evidence by name or the order will be overturned, then Ryburn is wrong.

It is possible, though, that Ryburn is arguing that Judge Proud's order is clearly erroneous in the light of the particular evidence that he highlights in his objection. For the sake of completeness, the Court will assume that Ryburn is in fact making this argument. Ryburn argues that defendants' "undisputed facts" as listed in their motion for summary judgment (facts #16, 17, 19, 25 and 32) are contradicted by several pieces of evidence in the record, so the defendants must be lying. However, each of those "undisputed facts" is also supported by evidence in the record, as cited in the

3

defendants' brief. For Judge Proud to deny sanctions because the defendants could, in good faith, argue otherwise given other evidence is not clearly erroneous. At best, if the defendants contradict themselves on the record, Ryburn has possible prior inconsistent statements to use for impeachment purposes. Prior inconsistent statements, however, in no way rise to the level of conduct worthy of sanctions. Additionally, Ryburn argues that ¶ 5 of Westerman's affidavit (Doc. 5) is false, and points to evidence on the record showing a different conclusion. Again, this discrepancy, at best, shows that the parties have differing accounts and evidence to support each account. It was not clearly erroneous for Judge Proud to find a mere difference of opinion as conduct not worth sanctioning. Finally, Ryburn suggests that Judge Proud avoided "Counsels 'non-disclosure' to the court of using the [plaintiff's] Affidavit in violation of SDLR 11.1, which has no wet signature required by rule." There is no Local Rule of this Court numbered 11.1, nor is there any Local Rule of this Court requiring only "wet signatures." If by "wet signature" Ryburn means a manual signature instead of an electronic one, he is wrong. The Court expressly permits electronic signatures. *See* S.D. Ill. Elec. Filing R. 8.

Ryburn makes no other arguments besides these on his appeal, so the order will be affirmed.

### Counsel

In each of the objections, Ryburn again brings up the matter of appointment of counsel. He asks the Court to reexamine appointment of counsel in the objection to the order regarding the "motion to reconsider appeal" and argues in his objection to the order denying sanctions that Judge Proud's supposed erroneous analysis "demonstrates the 'genuine' need for counsel in [plaintiff's] case due to 'medical' and the 'articulation' issues which constantly plagues my motions for responses in this case."

Ryburn chooses to relitigate the question of appointment of counsel in objections to the magistrate judge's rulings, yet the magistrate judge did not decide the matter of appointment of

counsel in his order denying the "motion to reconsider appeal" or the order denying sanctions. In fact, the magistrate judge has *never* decided the issue of appointment of counsel. Instead, the Court did and denied his motion for appointment of counsel on March 24, 2008 (*see* Doc. 20). Ryburn has already asked the Court to reconsider (Doc. 21), which it did and denied again appointment of counsel (Doc. 24). Ryburn's requests in his objections to the magistrate judge's rulings contain no indication of any change in circumstances that would warrant the Court to amend its previous rulings. In this case, Ryburn has advanced arguments that, while erroneous, demonstrate his ability to communicate and reason to at least the level of competence of any other pro se litigant before the Court.

## Conclusion

Because the Orders of the magistrate judge were neither clearly erroneous nor contrary to law, Ryburn's appeals (Docs. 95, 104) are without merit. The Court **AFFIRMS** the Orders of Judge Proud (Docs. 92, 103).

**IT IS SO ORDERED.**

**DATED March 11, 2010.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**

5