IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS V. RYBURN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 07-CV-0011-MJR-CJP |
| | ) |
| LT. DARRELL WESTERMAN and C.O. DAVID TINDELL, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

The Court has entered judgment in this § 1983 case denying all relief to Plaintiff Thomas Ryburn (Doc. 108) based on the motion for summary judgment filed by the Defendants (Doc. 66). Since the entry of judgment, Ryburn has moved for rehearing on a number of grounds. (Doc. 109.) In the same motion, he has moved for a new judge to be appointed, which the Court interprets to be a motion for the undersigned to recuse himself.[1]

### Recusal

The Court will first take up Ryburn's motion for recusal because, if well taken, the newly assigned district judge should decide the motion for rehearing. Two federal statutes provide authority for judges to recuse. The first provides that, if a party to a case files an affidavit that the judge "has a personal bias or prejudice" against the party or in favor of the opposing party and the affidavit states "the facts and the reasons for the belief that bias or prejudice exists," then the judge must recuse. 28 U.S.C. § 144 (2006). The other statute is broader and provides more reasons for

---

[1] Ryburn also requests in his motion that he be appointed counsel, but offers no reasons to support the appointment. For the reasons stated in this Court's order of March 11, 2010 (Doc. 106 at 4–5), the request is denied.

recusal, including, for purposes of this motion, personal bias and proceedings where the judge's "impartiality might reasonably be questioned." *Id.* § 455(a), (b).

Ryburn's filing does not trigger the § 144 procedures, and even if it did, it would be insufficient for recusal under that section. The requirements of § 144 "are to be strictly construed to prevent abuse." *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir. 2004) (quoting *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993)). As Ryburn's filing is not made under oath, affirmation, or penalty of perjury, it is not an affidavit and does not meet the strictly construed requirements necessary to trigger § 144 procedures. Even if the filing did trigger the § 144 procedures, it would be insufficient. Under § 144, a party must demonstrate actual bias, i.e. "personal animus or malice on the part of the judge." *Id.* (citing *United States v. Balistrieri*, 779 F.2d 1991, 1201 (7th Cir. 1985)). Ryburn mostly complains about the rulings of Judge Proud and the undersigned, and "judicial rulings alone will almost never constitute a valid basis for disqualification under § 144." *Id.* (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

The only complaint that could show actual bias is Ryburn's claim that the undersigned and Magistrate Judge Clifford Proud, who was assigned to assist with the bulk of the case, do not like him. He does not offer any definite, particular facts leading to this conclusion but instead offers the simple conclusion that the Court does not like him, which is insufficient for § 144 recusal. *Id.* ("A court may only credit facts that are 'sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient.' The factual allegations must fairly support the charge of bias or impartiality and must be specific—including definite times, places, persons, and circumstances." (citation omitted) (quoting *Sykes*, 7 F.3d at 1339)).

Accordingly, the Court will proceed under § 455, but before doing so it must take up yet another threshold issue: Ryburn directed his motion to recuse to Chief Judge David Herndon, not

2

the undersigned. Yet Chief Judge Herndon is not the "judge sitting in the case," meaning that he does not hear the § 455 motion to recuse. *Balistrieri*, 779 F.2d at 1202–03. Section 455 "requires the judge to disqualify *himself* when any one of the statutory conditions is met. It makes no provision for the transfer of the issue to another judge." *Id.* at 1203. Accordingly, the undersigned will properly consider the motion for recusal himself.

Ryburn offers three reasons in support of recusal. (Doc. 109-1.) With respect to his claim that the Court does not like him, this is a claim of actual bias under § 455(b)(1). Although Ryburn is not constrained by the same procedural requirements as under § 144, the Court undertakes the same analysis of § 455(b)(1) actual bias that it would under § 144. *See Balistrieri*, 779 F.2d at 1202 ("We shall view judicial interpretations of 'personal bias or prejudice' under § 144 as equally applicable to § 455(b)(1)."). When proceeding under § 455(b)(1), the Court need not take the factual averments as true like it should under § 144. *Id.* ("Section 455(b)(1) also dispenses with the requirement that the judge must take all the factual averments of the affidavit as true."). Quite simply, the Court cannot take Ryburn's unsworn statement that Judge Proud and the undersigned do not like him to be true. The undersigned has never had the pleasure of meeting Ryburn in person, and the undersigned has no opinion and has never expressed an opinion with respect to whether Ryburn is a likeable person or not. Ryburn has also not demonstrated why or how Judge Proud has a personal bias against him. The mere fact that the Court denied several of his appeals from Judge Proud and ruled against him on dispositive motions does not mean that the Court has a personal opinion with respect to Ryburn. The Court has an opinion with respect to Ryburn's *case*; as the Court must decide the cases before it, it must ultimately form an opinion to the merits of the case once the merits are ripe, like when a summary judgment motion is filed. Simply disagreeing with Ryburn's case does not mean that the Court has an opinion or bias with respect to Ryburn's *person*.

3

The other two reasons are properly § 455(a) arguments, as they argue that that the Court's "impartiality might reasonably be questioned." To determine if the Court's impartiality could reasonably be questioned, the Court uses "the perspective of a reasonable observer who is *informed of all the surrounding facts and circumstances.*" *In re Sherwin–Williams Co.*, No. 10-1639, 2010 WL 2244119, at *2 (7th Cir. June 7, 2010) (quoting *Cheney v. U.S. Dist. Court*, 541 U.S. 913, 924 (2004) (Scalia, J., in chambers)). "[W]here a judge's comments, writings, or rulings are the basis for a recusal request, [the] analysis assumes that a reasonable person is familiar with the documents at issue, as well as the context in which they came into being." *Id.* (citing *White v. NFL*, 585 F.3d 1129, 1139–40 (8th Cir. 2009)). The reasonable person for this inquiry is "a 'thoughtful observer rather than . . . a hypersensitive or unduly suspicious person." *Id.* at *3 (quoting *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990)). The reasonable person also "appreciate[s] the significance of the facts in light of relevant legal standards and judicial practice and can discern whether any appearance of impropriety is merely an illusion." *Id.* (citing *Cheney*, 541 U.S. at 924; *In re Mason*, 916 F.2d at 387).

Ryburn's arguments questioning the Court's partiality are not sufficient reasons for recusal. His first § 455(a) argument is that the undersigned "made up facts to support his order." Ryburn does not indicate which facts are made up in which order; the Court notes that its order granting summary judgment is replete with citations to the evidence that has been docketed in this case. (*See* Doc. 107 at 4–6.) Without more, a reasonable individual informed of the circumstances would not question the Court's impartiality based on this unsubstantiated claim. The second reason for recusal is that, supposedly, the Court did not consider his 8th and 14th Amendment claims. Even if the Court assumes that it in fact failed to consider 8th and 14th Amendment claims,[2] a reasonable

---

[2] As demonstrated in the next section, the Court did not omit consideration of 8th and 14th Amendment claims because the claims did not exist.

4

individual would not question the Court's impartiality for supposedly failing to consider those claims. Instead, the reasonable person would appreciate that the Court sometimes may make errors of law, which could be corrected when properly brought to the Court's attention or by appellate review. If a reasonable person could see any impropriety arising from the failure to consider an argument, the person would realize that the impropriety was illusory.

## Rehearing

Confident that it need not recuse, the Court now addresses the motion for rehearing. At the threshold, the Court needs to determine what sort of motion the motion for rehearing is. Ryburn at one point requests "rehearing" but also requests that the case be "reopened." As judgment has been entered, the motion could be one of two post-judgment motions: a motion to amend judgment under Rule 59 or a motion for relief from judgment under Rule 60, as the Defendants claim. The two motions serve different purposes. A Rule 60 motion is used to relieve a party from a judgment due to the party's mistake, inadvertence, surprise, or excusable neglect. *See* Fed. R. Civ. P. 60(b)(1). It also allows for relief due to newly discovered evidence that was unavailable earlier, due to fraud or misconduct by the opposing party, due to a void judgment and due to a satisfied or vacated judgment. R. 60(b)(2)–(5). The Rule 59 motion is broader and can be used "to draw the district court's attention to a manifest error of law or fact or to newly discovered evidence." *United States v. Resnick*, 594 F.3d 562, 569 (7th Cir. 2010) (citing *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). Here, the motion is one under Rule 59. It was filed within the 28-day time limit and does not fit into any of the Rule 60 categories as it argues, basically, that the Court committed manifest error of law or fact. The Court will treat the motion as such.

The reason that Ryburn offers for rehearing is meritless. Ryburn's motion asks for a rehearing or for reopening the case because, he claims, the Court did not consider several arguments that he made in his opposition to summary judgment. He claims that the Court did not consider his

5

arguments in support of his 8th and 14th Amendment claims. If true, that would be a very good reason for rehearing. Unfortunately, Ryburn's complaint (Doc. 1) is devoid of any mention of an 8th or 14th Amendment claim and Ryburn's brief in opposition (Doc. 73) contains no arguments in support of those non-existent claims. He should have made those arguments and stated those claims earlier; as such, he cannot advance those arguments now on a motion to amend judgment. *See Rensick*, 594 F.3d at 569 ("A Rule 59(e) motion 'does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.'" (quoting *Bordelon*, 233 F.3d at 529)); *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) ("As we have noted previously, a motion to alter or amend a judgment is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment or to present evidence that was available earlier." (citations omitted)).

There are several good reasons for the rule barring argument that should have been brought up earlier, and they all center around the fact that litigation must have an end and cannot go on forever. The federal courts are loaded with cases, not just civil but an increasingly heavy criminal docket, which means that the Court has increasingly less time to handle its civil docket. Additionally, opposing litigants should not have to deal with having to defend against new arguments once the time for making them has elapsed. If a litigant has claims against a party, the litigant should make them well before the Court enters judgment. If he faces a dispositive motion, the litigant should get all the arguments out that would oppose granting the dispositive motion. If the litigant fails to do either, the litigant does not get a "mulligan" through the motion to amend judgment. The motion to amend is to correct an error that the *Court* made, not the litigant.

6

## Conclusion

Ryburn wants the Court to recuse for reasons that a reasonable person would not consider sufficient for recusal. He also wants the Court to amend its judgment or reopen the case based on new arguments, not old ones that the Court did not consider. Neither of these arguments justify the relief he seeks. The Court accordingly **DENIES** Ryburn's motions (Doc. 109).

**IT IS SO ORDERED.**

**DATED June 28, 2010.**

                                                s/ Michael J. Reagan
                                               **MICHAEL J. REAGAN**
                                               **United States District Judge**