**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **THOMAS V. RYBURN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 07-CV-0011-MJR-CJP** |
| | ) | |
| **LT. DARRELL WESTERMAN and C.O. DAVID TINDELL,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

The Court has entered judgment in this § 1983 case denying all relief to Plaintiff Thomas Ryburn (Doc. 108) based on the motion for summary judgment filed by the Defendants (Doc. 66). Since the entry of judgment, Ryburn has moved for rehearing on a number of grounds. (Doc. 109.) In the same motion, he has moved for a new judge to be appointed, which the Court interprets to be a motion for the undersigned to recuse himself.[1]

Before the Court considers the motion, however, Ryburn has raised a timeliness issue that should be addressed. In his reply brief (Doc. 112), Ryburn complains that the Defendants' response to his motion (Doc. 110) was untimely. He is correct. Ryburn served his motion on March 18; the Defendants filed their response on May 25 when they should have filed their response on April 22. *See* Fed. R. Civ. P. 6(d) (noting that parties get an extra 3 days to respond when service is by mail); S.D. Ill. R. 7.1(c) (noting that adverse parties have 30 days after service to file a response to post-trial motions). However, Ryburn's reply brief was also untimely; he should have filed his reply on June 11

---

[1] Ryburn also requests in his motion that he be appointed counsel, but offers no reasons to support the appointment. For the reasons stated in this Court's order of March 11, 2010 (Doc. 106 at 4–5), the request is denied.

but instead placed it in the mail on June 16. *See* Fed. R. Civ. P. 6(d); S.D. Ill. R. 7.1(c) (noting that reply briefs are to be filed within 14 days of service of the response). Because adequate briefing on the questions presented by Ryburn's motion is crucial to a correct decision in this case, the Court will accept both the reply and response despite their tardiness.

**Recusal**

The Court will first take up Ryburn's motion for recusal because, if well taken, the newly assigned district judge should decide the motion for rehearing. Two federal statutes provide authority for judges to recuse. The first provides that, if a party to a case files an affidavit that the judge "has a personal bias or prejudice" against the party or in favor of the opposing party and the affidavit states "the facts and the reasons for the belief that bias or prejudice exists," then the judge must recuse. 28 U.S.C. § 144 (2006). The other statute is broader and provides more reasons for recusal, including, for purposes of this motion, personal bias and proceedings where the judge's "impartiality might reasonably be questioned." *Id.* § 455(a), (b).

Ryburn's filing does not trigger the § 144 procedures, and even if it did, it would be insufficient for recusal under that section. The requirements of § 144 "are to be strictly construed to prevent abuse." *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir. 2004) (quoting *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993)). As Ryburn's filing is not made under oath, affirmation, or penalty of perjury, it is not an affidavit and does not meet the strictly construed requirements necessary to trigger § 144 procedures. Even if the filing did trigger the § 144 procedures, it would be insufficient. Under § 144, a party must demonstrate actual bias, i.e. "personal animus or malice on the part of the judge." *Id.* (citing *United States v. Balistrieri*, 779 F.2d 1991, 1201 (7th Cir. 1985)). Ryburn mostly complains about the rulings of Judge Proud and the undersigned, and "judicial rulings alone will almost never constitute a valid basis for disqualification under § 144." *Id.* (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

The only complaint that could show actual bias is Ryburn's claim that the undersigned and Magistrate Judge Clifford Proud, who was assigned to assist with the bulk of the case, do not like him. He does not offer any definite, particular facts leading to this conclusion but instead offers the simple conclusion that the Court does not like him, which is insufficient for § 144 recusal. *Id.* ("A court may only credit facts that are 'sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient.' The factual allegations must fairly support the charge of bias or impartiality and must be specific—including definite times, places, persons, and circumstances." (citation omitted) (quoting *Sykes*, 7 F.3d at 1339)).

Accordingly, the Court will proceed under § 455, but before doing so it must take up yet another threshold issue: Ryburn directed his motion to recuse to Chief Judge David Herndon, not the undersigned. Yet Chief Judge Herndon is not the "judge sitting in the case," meaning that he does not hear the § 455 motion to recuse. *Balistrieri*, 779 F.2d at 1202–03. Section 455 "requires the judge to disqualify *himself* when any one of the statutory conditions is met. It makes no provision for the transfer of the issue to another judge." *Id.* at 1203. Accordingly, the undersigned will properly consider the motion for recusal himself.

Ryburn offers three reasons in support of recusal. (Doc. 109-1.) With respect to his claim that the Court does not like him, this is a claim of actual bias under § 455(b)(1). Although Ryburn is not constrained by the same procedural requirements as under § 144, the Court undertakes the same analysis of § 455(b)(1) actual bias that it would under § 144. *See Balistrieri*, 779 F.2d at 1202 ("We shall view judicial interpretations of 'personal bias or prejudice' under § 144 as equally applicable to § 455(b)(1)."). When proceeding under § 455(b)(1), the Court need not take the factual averments as true like it should under § 144. *Id.* ("Section 455(b)(1) also dispenses with the requirement that the judge must take all the factual averments of the affidavit as true."). Quite simply, the Court cannot

take Ryburn's unsworn statement that Judge Proud and the undersigned do not like him to be true. The undersigned has never had the pleasure of meeting Ryburn in person, and the undersigned has no opinion and has never expressed an opinion with respect to whether Ryburn is a likeable person or not. Ryburn has also not demonstrated why or how Judge Proud has a personal bias against him. The mere fact that the Court denied several of his appeals from Judge Proud and ruled against him on dispositive motions does not mean that the Court has a personal opinion with respect to Ryburn. The Court has an opinion with respect to Ryburn's *case*; as the Court must decide the cases before it, it must ultimately form an opinion to the merits of the case once the merits are ripe, like when a summary judgment motion is filed. Simply disagreeing with Ryburn's case does not mean that the Court has an opinion or bias with respect to Ryburn's *person*.

The other two reasons are properly § 455(a) arguments, as they argue that that the Court's "impartiality might reasonably be questioned." To determine if the Court's impartiality could reasonably be questioned, the Court uses "the perspective of a reasonable observer who is *informed of all the surrounding facts and circumstances*." *In re Sherwin–Williams Co.*, No. 10-1639, 2010 WL 2244119, at *2 (7th Cir. June 7, 2010) (quoting *Cheney v. U.S. Dist. Court*, 541 U.S. 913, 924 (2004) (Scalia, J., in chambers)). "[W]here a judge's comments, writings, or rulings are the basis for a recusal request, [the] analysis assumes that a reasonable person is familiar with the documents at issue, as well as the context in which they came into being." *Id.* (citing *White v. NFL*, 585 F.3d 1129, 1139–40 (8th Cir. 2009)). The reasonable person for this inquiry is "a 'thoughtful observer rather than . . . a hypersensitive or unduly suspicious person.'" *Id.* at *3 (quoting *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990)). The reasonable person also "appreciate[s] the significance of the facts in light of relevant legal standards and judicial practice and can discern whether any appearance of impropriety is merely an illusion." *Id.* (citing *Cheney*, 541 U.S. at 924; *In re Mason*, 916 F.2d at 387).

Ryburn's arguments questioning the Court's partiality are not sufficient reasons for recusal. His first § 455(a) argument is that the undersigned "made up facts to support his order." Ryburn does not indicate which facts are made up in which order; the Court notes that its order granting summary judgment is replete with citations to the evidence that has been docketed in this case. (*See* Doc. 107 at 4–6.) Without more, a reasonable individual informed of the circumstances would not question the Court's impartiality based on this unsubstantiated claim. The second reason for recusal is that, supposedly, the Court did not consider his 8th and 14th Amendment claims. Even if the Court assumes that it in fact failed to consider 8th and 14th Amendment claims,[2] a reasonable individual would not question the Court's impartiality for supposedly failing to consider those claims. Instead, the reasonable person would appreciate that the Court sometimes may make errors of law, which could be corrected when properly brought to the Court's attention or by appellate review. If a reasonable person could see any impropriety arising from the failure to consider an argument, the person would realize that the impropriety was illusory.

**Rehearing**

Confident that it need not recuse, the Court now addresses the motion for rehearing. At the threshold, the Court needs to determine what sort of motion the motion for rehearing is. Ryburn at one point requests "rehearing" but also requests that the case be "reopened." As judgment has been entered, the motion could be one of two post-judgment motions: a motion to amend judgment under Rule 59 or a motion for relief from judgment under Rule 60, as the Defendants claim. The two motions serve different purposes. A Rule 60 motion is used to relieve a party from a judgment due to the party's mistake, inadvertence, surprise, or excusable neglect. *See* Fed. R. Civ. P. 60(b)(1). It also allows for relief due to newly discovered evidence that was unavailable earlier, due to fraud or

---

[2] As demonstrated in the next section, the Court did not omit consideration of 8th and 14th Amendment claims.

misconduct by the opposing party, due to a void judgment and due to a satisfied or vacated judgment. R. 60(b)(2)–(5). The Rule 59 motion is broader and can be used "to draw the district court's attention to a manifest error of law or fact or to newly discovered evidence." *United States v. Resnick*, 594 F.3d 562, 569 (7th Cir. 2010) (citing *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). Here, the motion is one under Rule 59. It was filed within the 28-day time limit and does not fit into any of the Rule 60 categories as it argues, basically, that the Court committed manifest error of law or fact. The Court will treat the motion as such.

Ryburn's motion asks for a rehearing or for reopening the case because, he claims, the Court did not consider his 8th and 14th Amendment claims. If true, that would be a very good reason for rehearing. Ryburn, in his amendment to the complaint, does assert that his allegations present "8th/14th Amend. Violations" (Doc. 5 at 7). Just because a litigant says "8th/14th Amend. Violations" does not mean that the matters alleged in the complaint actually state an Eighth or Fourteenth Amendment violation, as the litigant must actually provide "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

From the beginning of this case, the Court has interpreted Ryburn's complaint as presenting a First Amendment retaliation case. (*See* Doc. 20 at 1 ("The basis for this action is simple: Plaintiff alleges that Defendant Westerman has waged a campaign of harassment against him for several years out of retaliation for grievances and lawsuits Plaintiff has filed. This harassment has included false disciplinary charges and confiscated property, among other acts. Plaintiff also alleges that on at least one occasion, Westerman conspired with Defendant Tindell to create a false disciplinary action against Plaintiff."); Doc. 107 at 1 ("Ryburn is an inmate in the custody of the IDOC. He sued under 42 U.S.C. § 1983 alleging that defendants retaliated against him for his exercise of his First

Amendment rights.").) It is not hard to see why. Ryburn's complaint is full of background material that does not relate to the Defendants but merely tells the story of how Ryburn got to the point of the subject matter of the case. In particular, Ryburn discusses at length how many of his prison grievances were denied, yet does not provide factual content allowing the Court to infer that Westerman and Tindell were involved in the denial of those grievances. (Doc. 5 at 5–7.) Similarly, Ryburn discusses how prison officials seized many of his personal effects (his cane, his mattress, his cassette tapes, and others) but names other individuals as responsible for those seizures without allowing for an inference that Westerman and Tindell were responsible in some way. (*Id.*) Maybe those events are Eighth or Fourteenth Amendment violations, but as the events do not provide a reasonable inference that Westerman and Tindell are responsible for them, the events are not properly before the Court.

As described in the Court's opinion on summary judgment, the only matters in the complaint that actually relate to Westerman and Tindell are the following:

> 1. Westerman wrote Ryburn a ticket (the "envelope ticket") on June 24, 2004, for carrying an envelope in violation of a recently-promulgated rule.
>
> 2. Westerman confiscated Ryburn's envelope on June 24, 2004, which contained legal materials. Westerman refused to give him a shake-down slip and destroyed his legal materials.
>
> 3. Westerman told defendant Tindell to issue a ticket to Ryburn on August 3, 2004.
>
> 4. On June 23, 2005, Westerman called Ryburn a child molester. The grievance officer denied receiving Ryburn's grievance about this incident.

(Doc. 107 at 6.) Ryburn himself has agreed with this analysis, as he states in his response to summary judgment that the Defendants are not involved in many of the allegations in the complaint. He notes that the only claim against Tindell was that Tindell wrote the disciplinary report of August 3, 2004; he also notes that Westerman was not involved in the confiscation of his cane or of his

cassette tapes, the transfer to Stateville in 2003, the transfer back to Menard in 2004, or for the withholding of legal mail. (Doc. 73 at 1–5.) Frankly, the matters that Ryburn does actually allege against Westerman and Tindell do not violate the Eighth and Fourteenth Amendments. *See, e.g.*, *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (noting that an Eighth Amendment claim concerning conditions of confinement must allege a "sufficiently serious" act or omission that "results in the denial of the minimal civilized measure of life's necessities" and that the act or omission was done with deliberate indifference (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994))); *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999) ("A prisoner has adequate process [under the Fourteenth Amendment] where an adequate post-deprivation remedy is available to redress unauthorized confiscations of property." (citing 705 Ill. Comp. Stat 505/8 (1996); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993))).

If Ryburn is attempting through the motion for rehearing to allege more facts, available earlier, that could infer that Westerman and Tindell are responsible for Eighth or Fourteenth Amendment violations, he should have made those arguments and stated those claims earlier; but now, after judgment has been entered, he cannot advance those arguments on a motion to amend judgment absent a showing that the facts were unavailable earlier. *See Rensick*, 594 F.3d at 569 ("A Rule 59(e) motion 'does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.'" (quoting *Bordelon*, 233 F.3d at 529)); *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) ("As we have noted previously, a motion to alter or amend a judgment is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment or to present evidence that was available earlier." (citations omitted)).

There are several good reasons for the rule barring adding new claims and argument that should have been brought up earlier, and they all center around the fact that litigation must have an end and cannot go on forever. The federal courts are loaded with cases, not just civil but an increasingly heavy criminal docket, which means that the Court has increasingly less time to handle its civil docket. Additionally, opposing litigants should not have to deal with having to defend against new arguments once the time for making them has elapsed. If a litigant has claims against a party, the litigant should make them well before the Court enters judgment. If he faces a dispositive motion, the litigant should get all the arguments out that would oppose granting the dispositive motion. If the litigant fails to do either, the litigant does not get a "mulligan" through the motion to amend judgment. The motion to amend is to correct an error that the *Court* made, not the litigant.

**Conclusion**

Ryburn claims that the Court is biased or has questionable impartiality but does not present anything that a reasonable person would consider sufficient for recusal on these grounds. He also argues that the Court did not consider all of his claims against Westerman and Tindell, when in fact it did. Neither of these arguments justify the relief he seeks, the reopening of the case and the recusal of Judge Proud and the undersigned. The Court accordingly **DENIES** Ryburn's motions (Doc. 109).

**IT IS SO ORDERED.**

**DATED July 9, 2010.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**