IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS RYBURN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 07-cv-0011-MJR-CJP |
| | ) |
| DARRELL WESTERMAN and DAVID TINDELL, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**REAGAN, District Judge:**

On October 19, 2010, Plaintiff Thomas Ryburn ("Ryburn") filed a Notice of Appeal (Doc. 120), and submitted a form Affidavit regarding his financial status without any corresponding motion (Doc. 122). Nevertheless, the Court construes Ryburn's Affidavit as a Motion for Permission to Appeal In Forma Pauperis. Specifically, Ryburn moves to appeal *in forma pauperis* this Court's order granting summary judgment in favor of Defendants Darrell Westerman and David Tindell (Docs. 107, 108).

In spite of the general lack of details provided in support of his motion, the Court acknowledges that Ryburn appears unable to pay the $455 docketing fee for his appeal. Regardless, the Court will deny his motion because a reasonable person would not suppose that his appeal has any merit. *See* 28 U.S.C. § 1915(a)(3) (2006) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in

good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir 2000) ("[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." (citing *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000))).

In his most recent appeal, Ryburn challenges this Court's Order (Doc. 107) granting summary judgment in Defendants' favor.[1] In that Order, this Court found the record "completely devoid of any evidence that [Defendants] took any action against [Ryburn] because of his filing of grievances or lawsuits" (Doc. 107, p. 7). This Court also found "the record devoid of any evidence that either defendant even knew about his grievances and lawsuits, many of which were filed while [Ryburn] was at Stateville and not Menard" (*Id.*). Ryburn further alleges that this Court failed to consider claims he allegedly brought under the Eighth and Fourteenth Amendments to the United States Constitution.

Ryburn's allegations are not supported by the record and they lack merit. First, in Ryburn's Complaint (Doc. 1) and his Amended Complaint (Doc. 5), the only possible claims that this Court can discern involve retaliation. Other than one brief statement in the "Request for Relief" section—that "Pl. claims U.S. Const. 1st, 5th, 8th, 14th Amend.

---

[1] The Court Notes that in his Docketing Statement, Ryburn answered "No" to the question "Has this case previously been appealed" (Doc. 121, p. 2). However, Ryburn filed an interlocutory appeal in this action on August 5, 2009, which was dismissed by Mandate issued on January 8, 2010, for failing to pay the required appellate docketing fee pursuant to Circuit Rule 3(b).

2

Violations"—nowhere, in either Complaint, does Ryburn even mention the Eighth or Fourteenth Amendment; nor does he allege any facts that could be construed as stating a claim under the rubric of cruel and unusual punishment. Further, Ryburn has failed to direct this Court to any evidence that could be reasonably construed as suggesting that either Defendant retaliated against him *because* he had filed grievances and/or lawsuits. As a result, Ryburn's claims lack merit.

In light of the foregoing, no reasonable person would suppose that an appeal based on these allegations would have any merit. This Court thus CERTIFIES that Ryburn's appeal is not taken in good faith (as defined above), and Ryburn's Affidavit (Doc. 122)—construed as a Motion for Permission to Proceed In Forma Pauperis on Appeal—is DENIED. As a result, Ryburn must either pay the appellate filing and docketing fee of **$455** to the Clerk of Court *in this District*, or reapply to the Seventh Circuit Court of Appeals for leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED.**

DATED November 16, 2010.

/s/ *Michael J. Reagan*
MICHAEL J. REAGAN
United States District Judge